December 17, 1906.

————O————

No. 3993.

(Court of Appeal, Parish of Orleans.)

ALGIERS MANUFACTURING COMPANY LIMITED vs. MRS. EMMA STEEN ET ALS.

1. Where the same attorney acts for two parties and each party communicates. with him, their communications, though clearly privileged from disclosure at the instance of third parties, are not privileged in a controversy between the two original parties.
2. The issues of fact on defendant's reconventional demand are resolved against him,

Appeal from Civil District Court, Divisions E and D.

B. R. Forman, for defendant and appellant.

Merrick & Lewis and Philip Gensler, for plaintiff and appellee.

John P. Sullivan and A. Landry, for defendant and appellee.

DUFOUR, J. Mrs. Steen is the owner of a building, Chisolm, the builder, and Demoruelle, the surety on the building contract. Three material men after arresting payment by service of attested accounts, of the last instalment due by Mrs. Steen to Chisolm, filed suits against her, Chisolm and Demoruelle for their respective claims.

The amount claimed by the Algiers Co. was $219.85, balance due after giving a credit of $659.55 previously paid them by Demoruelle.

Mrs. Steen filed a *concursus* proceeding and deposited in Court a sum sufficient to meet these demands and, in return, obtained from the parties in interest a release from personal liability and the cancellation of their privileges.

Demoruelle, made a party defendant in the various suits and who alone figures as an appellant, reconvened and asked for the return of the amount paid by him to the Algiers Co. The ground upon which he relies is that, erroneously believing himself bound in favor of the material men, he was negotiating for a compromise and agreed with the Algiers Co. "that if all persons having just claims against Mrs. Steen for materials furnished to her building would accept seventy-five cents on the dollar on their claims that then this defendant would be released from all claims on their receiving seventy-five cents on the dollar." It is further averred that the check was given with the distinct agreement that it "should be held and not collected and if all the other creditors holding claims against Chisolm and Mrs. Steen for labor and materials did not and would not agree to accept seventy-five cents on the dollar in satisfaction of their claims, then the said check would be returned to Demoruelle."

A plea of estoppel made by the Algiers Co. on the ground that Demoruelle had acted as if he were bound was sustained by the Court, and his demand was rejected.

It appears that, before the decision of the Supreme Court in Hughes vs. Smith, Demoruelle, through his son, believing himself to be bound under his bond to the material men, called a meeting of the creditors under the Steen-Chisolm contract.

Demoruelle, the son, testifies that he "told Attorney Untereiner to try to have the creditors accept 75 cents on the dollar and said to him, since you are representing the Algiers Manufacturing Co. and you are representing me also, I am willing to pay the Algiers Co. dollar for dollar if everybody, if all the creditors will accept seventy-five cents. If the others do not accept seventy-five cents, then I will not pay anybody.....It was distinctly understood at the time that, if the creditors present did not accept seventy-five cents on the dol-

lar, Mr. Miller (of the Algiers Co.) was to return my check."
The representatives of the Algiers Co. absolutely deny that
any condition was annexed to the giving of the check.

Counsel for Demoruelle, after Untereiner had testified
that he had acted for both parties in interest, propounded a
question to Untereiner as to the nature of the agreement be-
tween them. Upon objection that the matter went "to the
very relation between attorney and client," the testimony was
excluded. We are powerless to review this ruling, as no ex-
ception appears to have been reserved to its correctness.

But a bill was reserved to the refusal of the judge to allow
a written agreement between the parties to be introduced in
evidence after identification by the witness; this ruling was
erroneous.

The rule of law is that where the same attorney acts for
two parties and each party communicates with him, their com-
munications, though clearly privileged from disclosure at the
instance of third parties, are not privileged in a controversy
between the two original parties.

Wigmore on Ev. Vol. 4, Sec. 2312.

Wharton on Ev. Sec. 587.

The agreement, which is annexed to the bill of exceptions·
does not show that any condition was attached to the receiv‾
ing by the Algiers Co. of seventy-five cents on the dollar by
Demoruelle.

But, even if it be conceded that there was a condition,
Demoruelle's subsequent actions clearly amount to a waiver
of it. Although the check was given on November 18th, 1904,
he made no demand for its return until January 3, 1905, when,
under the alleged agreement, it should have been returned on
"the very next day" after the creditors' meeting.

Demoruelle further testifies that he subsequently compro-
mised for less than the amounts due with certain creditors
whose claims he believed to be just; he thus took the matter
in his own hands and, if he voluntarily paid any one more
than seventy-five cents on the dollar, the settlement was his
own choice.

It further appears that on December 6th, 1904, he charged
in his account with Chisolm the amount paid by him to the
Algiers Co.

The defense does not satisfy us that Demoruelle has suf-

.fered any injury calling for judicial relief.

Judgment affirmed.

December 17, 1906.

Rehearing refused January 28, 1907.

Writ refused by Supreme Court March 6, 1907.